(No. 6214—

JOHN M. NAGLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 1, 1975.*

VOGEL & VOGEL, by DAVID F. HOLLAND, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, John M. Nagle, seeks to recover his salary from the State of Illinois for the periods of May 2, 3, and 4 of 1966, and from May 13, 1966, to May 31, 1970.

Claimant was separated from the payroll of the State of Illinois on May 13, 1966, and remained separated until June 1, 1970. On June 1, 1970, Claimant was reinstated to his previous position as Hearings Referee in the Division of Unemployment Compensation, Department of Labor, State of Illinois.

It was stipulated between the parties hereto that the Claimant should have been earning $1,309.00 per month. This was part of the stipulation entered into by and between the parties in a case in the Circuit Court of Cook County, Cause No. 70L17874.

The issue here is whether the State is entitled to a

reduction in the amount due the Claimant by reason of Claimant's failure to conscientiously and adequately mitigate the damages for the period that he was not employed by the State.

Claimant testified extensively concerning his activities in attempting to find other employment as an attorney and the results of his full-time pursuit of a private practice. His testimony indicated that during this period he applied to numerous firms for employment without success. The evidence also shows that he resumed his private practice full-time during this four-year period at which time his gross receipts from his practice totalled only $8,000.00. The evidence further reflects that in 1971, after Claimant resumed working for the State, his part-time practice grossed $4,866.66. Claimant alleges that he used his savings and $29,000.00, which he obtained from the sale of stocks, to support himself while he was not working. The evidence indicates that he was active in the stock market while this claim was pending.

Evidence also indicates that Claimant spent $475.00 on a seminar trip to Las Vegas.

The law in this State concerning a wrongfully discharged State employee is summarized in the case of *Schneider v. State, 22 Ill.Ct.Cl. 453,* wherein the Court stated that:

He is entitled to the salary attached to said office for the period of his illegal removal.

In the same case, at pages 463 and 464, the Court noted:

. . . that a Claimant must do all in his power to mitigate damages, . . . and, in that regard, sitting as a jury, we have the right to fix the damages, and make an award, which we believe would be fair to all concerned. We are, however, not bound by the bill of particulars, stipulation, or answer to interrogatories, and can arrive at a figure in addition to the deductions made for other earnings . . .

In the case of *William R. Otto, Donald W. Houston and Edmond J. McShane v. State of Illinois, 24 Ill.Ct.Cl. 72,* this Court laid down the rule that in a claim for back salaries:

> The burden is upon Claimants to mitigate damages, and that all monies earned during the period of time from employment, but not investments, should be considered as a set-off against wages claimed because of unlawful dismissal from State employment.

In the case of *Nicholas Mellas v. State of Illinois, 24 Ill.Ct.Cl. 350,* the Court laid down the rule that it is the duty of every suspended State employee to mitigate damages incurred through loss of salary due to suspension and discharge. This Court, in discussing this principle, stated the following:

> The principle that it is the duty of every suspended State employee to mitigate damages incurred through loss of salary due to suspension and discharge, and to do all in their power to seek, find, and accept other employment during the period following discharge is well established.

In the case of *R. Corydon Finch v. State of Illinois, 26 Ill.Ct.Cl. 14,* this Court laid down the following rule:

> This Court has long followed the principle of 'avoidable consequences' which holds that a Claimant must use such means as are reasonable under the circumstances to avoid, mitigate, reduce or minimize the damages, which he has incurred as a result of a wrongful act.

This Court, in the case of *Axel Gilbert Anderson v. State of Illinois, 25 Ill.Ct.Cl. 198,* laid down the rule that this Court has the right to independently determine Claimant's damages, both with respect to mitigation of damages and set-offs of outside earnings during the period of unlawful dismissal.

The sole question, therefore, before this Court is whether or not the Claimant did everything in his power to mitigate the damages during the period of time that he is seeking to recover for lost wages from the State.

It is difficult to reconcile the earnings testified to by the Claimant during this period, particularly compared

to the immediate increase in earnings when he was put back upon the State payroll. It is also rather difficult to reconcile the fact that an individual would spend $475.00 on a seminar trip to Las Vegas when he is earning practically nothing.

It is the opinion of this Court that this Claimant did not in fact do everything in his power to mitigate the losses incurred by himself during the period that he was suspended from the State payroll.

It is the opinion of this Court that if Claimant had diligently applied himself to his law practice during this period of time, the damages would be considerably less than those claimed by him.

It is the opinion of this Court that an award in the amount of $20,000.00 is fitting and proper, which amount is to be full and complete compensation for any and all damages, as well as salary, incurred by the Claimant as a result of this discharge, and which award shall be subject to the following deductions:

```
Employee's State Employees'
  Retirement System Contribution  ........................$3,372.10
Federal Income Tax to be withheld  .........................2,668.00
State Income Tax to be withheld  ............................104.25
        TOTAL DEDUCTIONS  ...........................$6,144.35
```

The above deduction to the State Employees' Retirement System is based upon the amount that would have been deducted had Claimant not been suspended from the payroll of the State of Illinois, which amount was $47,741.47.

An award is hereby made to Claimant in the amount of $20,000.00, minus deductions in the amount of $6,144.35, or a total award of Thirteen Thousand Eight Hundred Fifty-five and 65/100 Dollars ($13,855.65).

A further award of $3,235.60 is hereby made to the State Employees' Retirement System as the State's contribution to equal Claimant's contribution.